Michael S. Polsky, as receiver for
Communications Products Corporation,
Plaintiff-Respondent-Cross-Appellant,†

v.

Daniel E. Virnich and Jack M. Moores,
Defendants-Appellants-Cross-Respondents.

Court of Appeals

*No. 2007AP203. Submitted on briefs September 22, 2009.
—Decided January 28, 2010.*

2010 WI App 20

(Also reported in 779 N.W.2d 712.)

† Petition to Review pending.

On behalf of the defendants-appellants-cross-respondents, the cause was submitted on the briefs of *Donald K. Schott, Jeffrey O. Davis, Valerie L. Bailey-Rihn,* and *James Richgels* of *Quarles & Brady LLP,* Madison.

On behalf of the plaintiff-respondent-cross-appellant, the cause was submitted on the briefs of *Robert J. Kasieta* and *Andrew J. Parrish* of *Kasieta Legal Group, LLC,* Madison.

A nonparty brief was filed by *Thomas J. Arenz* of *Whyte Hirschboeck Dudek SC* of Milwaukee for Risk Management Association.

A nonparty brief was filed by *Jane F. (Ginger) Zimmerman* and *Jennifer M. Krueger* of *Murphy Desmond S.C.* of Madison for Wisconsin Manufacturers & Commerce.

A nonparty brief was filed by *John E. Knight, James E. Bartzen,* and *Kirsten E. Spira* of *Boardman, Suhr, Curry & Field LLP* of Madison for Wisconsin Bankers Association.

Before Dykman, P.J., Lundsten and Higginbotham, JJ.

¶ 1. LUNDSTEN, J. Daniel Virnich and Jack Moores appeal the circuit court's judgment against them on a $6.5 million jury verdict in favor of Communications Products Corporation. The two men were officers of Communications Products, as well as its sole owners. The claims in this action were brought by a

receiver, alleging that Virnich and Moores breached their fiduciary duties to the corporation. Virnich and Moores argue that the receiver's claims are barred under *Beloit Liquidating Trust v. Grade*, 2004 WI 39, 270 Wis. 2d 356, 677 N.W.2d 298. We agree that *Beloit Liquidating* controls and, accordingly, reverse the judgment against Virnich and Moores and remand with directions to the circuit court to dismiss the receiver's claims against them.

¶ 2.   We certified this case to the supreme court because there appears to us to be a problem with the governing common law that we are unable to fix. The supreme court accepted review, but split three to three with one justice not participating. Thus, the case returns to us and we are still bound by prior case law, more specifically, *Beloit Liquidating*. After explaining why we believe we are bound by *Beloit Liquidating*, we will briefly comment on what we perceive to be the problem and at least a partial solution to it.

### *Background*

¶ 3.   Virnich and Moores were officers of Communications Products. The two indirectly but fully owned the corporation, and Virnich made all major financial decisions.

¶ 4.   In June 2003, after Communications Products defaulted on a loan, its largest creditor, American Trust and Savings Bank ("the Bank"), petitioned for a receivership under WIS. STAT. ch. 128,[1] alleging that the corporation was insolvent. The court appointed a receiver, and the receiver commenced this action on the corporation's behalf in May 2004. The receiver alleged

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

813

that, for a number of years, Virnich and Moores breached their fiduciary duties to Communications Products by taking excessive compensation and engaging in transactions that benefitted the two men personally at the corporation's expense.

¶ 5. Virnich and Moores moved to dismiss the receiver's complaint arguing, among other things, that the receiver's claims were barred by *Beloit Liquidating*. The receiver contended that, although *Beloit Liquidating* may bar creditors' claims on their own behalf, the case does not apply to a receiver's claims on behalf of the corporation itself. The circuit court agreed with the receiver, denied the motion, and the case was tried to a jury.

¶ 6. The receiver introduced evidence that, in the period 1990–2003, Virnich and Moores used a combination of salaries, management fees, "loans," dividends, and excessive lease rates to extract more than $10 million from the corporation. Communications Products experienced cash flow problems starting in 2001, then entered a period of acute financial distress, culminating in the loan default and the receivership. The jury awarded a total of $6.5 million, including $3.8 million on breach of fiduciary duty claims and $2.7 million on a conspiracy claim.

## Discussion

¶ 7. In *Beloit Liquidating*, the supreme court held that corporate officers and directors owe no fiduciary duty to creditors until the corporation is both insolvent and no longer a going concern. *Beloit Liquidating*, 270 Wis. 2d 356, ¶¶ 2, 36–37, 42. Here, we find no clear indication in the record as to when Communications Products became insolvent, that is, when its debts

814

exceeded its assets. *See id.*, ¶ 39 n.16 (insolvency " 'simply means that the assets of the alleged insolvent are insufficient, at a fair valuation, to pay his debts' " (quoting *Schmitz v. Wisconsin Soap Mfg. Co.*, 204 Wis. 149, 153, 235 N.W. 409 (1931) (emphasis deleted))). But there is no dispute that, at the time of Virnich and Moores' alleged misconduct, Communications Products remained a going concern. Therefore, under *Beloit Liquidating*, any claim for a breach of fiduciary duty *to creditors* is barred.

¶ 8.   The receiver here argues that *Beloit Liquidating* does not apply because, unlike the plaintiff in that case, he did not bring claims on behalf of creditors. Rather, the claims here are for breach of fiduciary duty *to the corporation*. For the reasons that follow, we are not persuaded that this is a meaningful distinction in light of the facts in this case.

¶ 9.   In *Beloit Liquidating*, Beloit Corporation filed for bankruptcy. *Id.*, ¶ 4. For a period of years leading up to the bankruptcy, various officers and directors allegedly mismanaged the corporation and breached their fiduciary duties. *Id.*, ¶¶ 6–10. A "committee" of unsecured creditors sought the right to sue the officers and directors "on behalf of" the corporation for breach of fiduciary duty. *Id.*, ¶¶ 1, 4. The creditors received "title" to the corporation's assets, including the corporation's claims for breach of fiduciary duty, and the committee commenced suit. *Id.*, ¶ 5. Shortly thereafter, a "trust" was created to liquidate the corporation's remaining assets, and the trust replaced the committee as plaintiff. *Id.*, ¶ 6.

¶ 10.   The trust alleged that the officers and directors breached their fiduciary duties to both the corporation and its creditors. *Id.*, ¶ 10. The officers and directors moved for judgment on the pleadings, arguing

815

that the trust failed to state a claim upon which relief could be granted. *Id.*, ¶ 11. The circuit court granted the motion. *Id.*, ¶ 12.

¶ 11.    The supreme court upheld dismissal of both the trust's claims on behalf of the creditors and the trust's claims on behalf of the corporation itself. *Id.*, ¶¶ 2, 17, 40, 42. The court's decision flowed from its holding that "a corporation must be both insolvent and no longer a going concern before a duty is owed to the corporation's creditors." *See id.*, ¶ 34; *see also id.*, ¶¶ 37, 42. The court concluded that the corporation was a going concern during the relevant period of time and, therefore, "any claim asserted by Beloit Corporation's creditors for breach of fiduciary duty during this time frame is not actionable, *and any claim on behalf of Beloit Corporation resulted in no injury to the corporation." Id.*, ¶ 40 (emphasis added).

¶ 12.    The receiver argues, without additional explanation, that *Beloit Liquidating* is distinguishable in that the trust's claims on behalf of Beloit Corporation were dismissed because there was "no injury to the corporation." *See id.* Implicit in the receiver's argument is that, unlike in *Beloit Liquidating*, here there was some harm to the corporation itself. The receiver's argument simply begs the question, however, *why* the *Beloit Liquidating* court concluded that there was no harm to Beloit Corporation. In order to identify a principled distinction between *Beloit Liquidating* and this case, we must identify a meaningful difference in harm to the respective corporations. We are unable to identify such a difference.

¶ 13.    In both cases, the underlying situation is the same:   while the corporation remained a going concern, the directors took actions that impaired the corporation's ability to pay its creditors. In both situations, so far as we can tell, the only identified harm to

the corporation was its diminished ability to pay its creditors. Neither the receiver nor the amici identify any additional harm in this case. In particular, the receiver points to no evidence showing that any interests of the corporation—other than repaying its creditors—are served by the success of the receiver's action. If the impaired ability to pay creditors "resulted in no injury to the corporation" in *Beloit Liquidating*, *id.*, ¶ 40, we discern no reason why it is an actionable injury to the corporation in this case.[2]

¶ 14.    Furthermore, the receiver does not dispute a number of facts demonstrating that the Bank, one of the creditors, is the impetus behind the receiver's action against Virnich and Moores. Specifically, the receiver does not dispute that the Bank petitioned for his appointment under WIS. STAT. ch. 128, that the Bank entered into an agreement with the receiver, that the agreement provided that the Bank would fund any litigation against Virnich and Moores and pay costs associated with the litigation, and that the Bank would indemnify the receiver if the receiver's suit against Virnich and Moores was deemed frivolous. Given all of

---

[2] We agree with the receiver that the general rule is that officers and directors of a corporation owe a fiduciary duty not only to shareholders but also to the corporation itself. *See McGivern v. Amasa Lumber Co.*, 77 Wis. 2d 241, 260, 252 N.W.2d 371 (1977) ("Wisconsin law has long recognized that directors and officers owe a fiduciary duty to and are trustees for the individual shareholders (*as well as the corporation*) . . . ." (emphasis added)); *Rose v. Schantz*, 56 Wis. 2d 222, 228, 201 N.W.2d 593 (1972) ("[T]he fiduciary duty of a director is owed to the individual stockholders *as well as to the corporation*." (emphasis added)). However, in the situation before us, we have concluded that *Beloit Liquidating Trust v. Grade*, 2004 WI 39, 270 Wis. 2d 356, 677 N.W.2d 298, is controlling. Whether *Beloit Liquidating* should be viewed as an exception to the general rule is a puzzle we need not solve.

the circumstances, we conclude that allowing the receiver's claims to stand runs afoul of *Beloit Liquidating*.[3]

¶ 15.   Although we believe that *Beloit Liquidating* controls, we do not believe that the case sets forth a sensible rule. In our certification, we commented:

> [T]his case would not have taken the form that it did in most jurisdictions because the general rule in most jurisdictions is that directors and officers of an insolvent corporation owe a fiduciary duty to creditors, and the creditors will have a cause of action for the violation of that duty. 15A WILLIAM MEADE FLETCHER, ET AL., FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS §§ 7468–7469 (perm. ed., rev. vol. 2000).
>
> > [W]hen the corporation becomes insolvent, the fiduciary duty of the directors shifts from the stockholders to the creditors.
> >
> > The law by the great weight of authority seems to be settled that when a corporation becomes insolvent, or in a failing condition, the officers and directors no longer represent the stockholders, but by the fact of insolvency, become trustees for the creditors, and that they cannot by transfer of its property or payment of cash, prefer themselves or other creditors . . . .
>
> *FDIC v. Sea Pines Co.*, 692 F.2d 973, 976–77 (4th Cir. 1982) (citations omitted), *cert. denied,* 461 U.S. 928

---

[3] Although we do not rely on it, we make the observation that any receiver appointed under WIS. STAT. ch. 128 represents the interests of creditors in at least some respect. *See* WIS. STAT. §§ 128.08 and 128.17. Chapter 128, "Creditors' Actions," is largely concerned with creditors' interests. One source explains that ch. 128 "governs assignments *for the benefit of creditors.*" 4 CHARLES G. CENTER ET AL., THE WISCONSIN BUSINESS ADVISOR SERIES: COLLECTIONS AND BANKRUPTCY § 4.2.16 (2006) (emphasis added).

818

(1983); *see also North Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92, 101–02 (Del. 2007) (creditors of insolvent corporation have standing to bring derivative claims on corporation's behalf against its directors).

In Wisconsin, however, "in order for officers and directors to have a fiduciary duty to creditors, a corporation must be both insolvent *and no longer a going concern.*" *Beloit Liquidating Trust*, 270 Wis. 2d 356, ¶ 2 (emphasis added). There is no dispute here that, during the time of the alleged breaches of Virnich and Moores' fiduciary duty, [Communications Products] was a going concern.

If Wisconsin followed the general rule, the receiver could have openly sued on behalf of [Communications Products'] creditors, or the creditors could have brought the action, with litigation focusing on the time of [Communications Products'] insolvency and whether Virnich and Moores violated their duty to the creditors after that date by placing their interests ahead of the creditors' interests. Instead, however, this case necessarily proceeded on the theory that [Communications Products] had a direct cause of action against its shareholders.

The problem, as we see it, is this: A business can be run as a "going concern," well after it is insolvent, thus making it a relatively simple matter for the officers and owners of a closely held corporation to strip many of the remaining assets of the "sinking ship" without fear of running afoul of a duty to creditors. At oral argument before the supreme court, counsel for amicus Wisconsin Bankers Association explained that one consequence of diminished creditor protection is that creditors will make it more difficult and more expensive for many corporations to borrow money. For example, according to the Association's counsel, more "personal guaranties,

regular audits, periodic examinations, [and] stricter underwriting" will be imposed on corporate borrowers. The net result seems to be an increase in the cost of doing business for closely held corporations, including those owned and run by people who act in good faith to keep their corporations running. Therefore, it appears to us that corporations as a whole would benefit if our supreme court modified the *Beloit Liquidating* holding to bring it into line with the majority of other jurisdictions. Lacking the authority to do that, we apply *Beloit Liquidating* and affirm.

## *Conclusion*

¶ 16.   For the reasons stated, we reverse the circuit court's judgment against Virnich and Moores, and we remand with directions to the circuit court to dismiss the receiver's claims against them.[4]

*By the Court.*—Judgment reversed and cause remanded with directions.

---

[4] Because we reverse, we need not reach the receiver's cross-appeal, which raises the question of punitive damages. And, our application of *Beloit Liquidating* makes it unnecessary to separately address the receiver's conspiracy claim against Virnich and Moores because the receiver concedes that the unlawful purpose the jury found as the basis for that claim was a breach of fiduciary duty. We also need not address several other issues the parties raise, including:   (1) whether the discovery rule applies to the statute of limitations for breach of fiduciary duty; (2) whether the circuit court should have permitted Virnich and Moores to assert as a defense that the Bank improperly obtained appointment of the receiver *ex parte;* (3) whether the jury was properly instructed; and (4) whether there was sufficient evidence to support the compensatory damages award.