**2020 WI App 79**

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:          2019AP2034

† Petition for Review filed

Complete Title of Case:

> **ANDREA TOWNSEND,**
>
> **PLAINTIFF-APPELLANT,**
>
> **V.**
>
> **CHARTSWAP, LLC,**
>
> **DEFENDANT-RESPONDENT.†**

| | |
|---|---|
| Opinion Filed: | November 17, 2020 |
| Submitted on Briefs: | September 9, 2020 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Brash, P.J., Dugan and Donald, JJ. |
| Concurred: | |
| Dissented: | |

Appellant
ATTORNEYS:          On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Robert J. Welcenbach* of *Welcenbach Law Offices, S.C.*, Milwaukee, *Scott Borison* of *Legg Law Firm LLC*, Frederick, MD, and *John Craig Jones* of *Jones & Hill, LLC*, Oakdale, LA.

Respondent
ATTORNEYS:          On behalf of the defendant-respondent, the cause was submitted on the brief of *Andrew J. Wronski* and *Anne-Louise T. Mittal* of *Foley & Lardner LLP* of Milwaukee.

COURT OF APPEALS
DECISION
DATED AND FILED

November 17, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2034**

**STATE OF WISCONSIN**

Cir. Ct. No. **2018CV9938**

**IN COURT OF APPEALS**

---

ANDREA TOWNSEND,

PLAINTIFF-APPELLANT,

V.

CHARTSWAP, LLC,

DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Milwaukee County: PAUL R. VAN GRUNSVEN, Judge. *Reversed and cause remanded.*

Before Brash, P.J., Dugan and Donald, JJ.

¶1 DONALD, J. Andrea Townsend appeals an order of the circuit court dismissing her action against ChartSwap, LLC. At issue on appeal is

whether ChartSwap may be held liable for violating WIS. STAT. § 146.83(3f)(b) (2017-18),[1] which limits the amount that a health care provider can charge for furnishing copies of patient care records. Upon review, we reverse and remand.

## BACKGROUND

¶2 On December 4, 2018, Townsend filed a class action complaint against ChartSwap alleging the fees ChartSwap charged for providing copies of medical records and billings exceeded statutorily imposed limits set forth in WIS. STAT. § 146.83(3f)(b). According to the complaint, following a car accident, Townsend authorized her attorneys to obtain her medical records and billings from Milwaukee Radiologists. ChartSwap responded to the records request and provided a one-page certified health care bill for Townsend in the sum of $35.87. Townsend's attorneys paid the fee and obtained Townsend's records.

¶3 Townsend alleged, on behalf of herself and class members, that ChartSwap charged an amount in excess of the statutorily-regulated rates dictated by WIS. STAT. § 146.83(3f)(b), which provides:

> (b) Except as provided in sub. (1f), a health care provider may charge no more than the total of all of the following that apply for providing the copies requested under par. (a):
>
> 1. For paper copies: $1 per page for the first 25 pages; 75 cents per page for pages 26 to 50; 50 cents per page for pages 51 to 100; and 30 cents per page for pages 101 and above.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

2. For microfiche or microfilm copies, $1.50 per page.

3. For a print of an X-ray, $10 per image.

4. If the requester is not the patient or a person authorized by the patient, for certification of copies, a single $8 charge.

5. If the requester is not the patient or a person authorized by the patient, a single retrieval fee of $20 for all copies requested.

6. Actual shipping costs and any applicable taxes.

The complaint alleged that ChartSwap was subject to the same statutory regulations as the health care provider, here, Milwaukee Radiologists. The complaint also alleged a claim of unjust enrichment.[2]

¶4      ChartSwap moved to dismiss the complaint, arguing that WIS. STAT. § 146.83(3f)(b) applies only to "health care providers," "a term that the health-records statute defines as comprising 26 discrete categories of individual health care providers, associations of individual health care providers, and licensed health care facilities."

¶5      The circuit court granted ChartSwap's motion to dismiss. Relying on a decision of the United States District Court for the Eastern District of Wisconsin, *Smith v. RecordQuest, LLC*, 380 F. Supp. 3d 838 (E.D. Wis. 2019), the circuit court found that WIS. STAT. § 146.83(3f)(b) does not impose liability on entities that are not health care providers even when they act as agents of health

---

[2] Because we reverse on the grounds that ChartSwap is subject to WIS. STAT. § 146.83(3f)(b), we need not address the issue of unjust enrichment on appeal. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (We address cases on the narrowest possible grounds.).

care providers. In other words, the circuit court found that ChartSwap "cannot be liable simply by virtue of being an agent of Milwaukee Radiologists."

¶6     This appeal follows.

## DISCUSSION

¶7     Our review of a circuit court's order granting a defendant's motion to dismiss is *de novo*. *See **Beloit Liquidating Tr. v. Grade***, 2004 WI 39, ¶17, 270 Wis. 2d 356, 677 N.W.2d 298. Here, the motion to dismiss turns on a question of statutory interpretation, an issue we also review independently of the circuit court. *See **Juneau Cnty. v. Associated Bank, N.A.***, 2013 WI App 29, ¶15, 346 Wis. 2d 264, 828 N.W.2d 262. "The purpose of statutory interpretation is to discern the intent of the legislature. When we interpret a statute, we begin with the statute's plain language, as we assume the legislature's intent is expressed in the words it used." *Id.*, ¶16 (internal citation omitted). In addition, "[w]e interpret statutory language in the context in which it is used, [and] in relation to the language of surrounding or closely-related statutes[.]" *Id.* If this process of interpretation yields a plain meaning, the statute is unambiguous, and we apply its plain meaning. *See **State v. Harmon***, 2006 WI App 214, ¶10, 296 Wis. 2d 861, 723 N.W.2d 732.

¶8     Access to patient health care records is governed by WIS. STAT. § 146.83. Under subsection (3f), a health care provider shall provide copies of a patient's health care records "if a person requests copies of a patient's health care records, provides informed consent, and pays the applicable fees under par. (b)[.]" *Id.* As stated above, paragraph (b) imposes certain limits on costs imposed by health care providers. The term "health care provider" applies to specifically-

trained medical professionals and does not specifically apply to medical records providers or medical billing agencies. *See* WIS. STAT. § 146.81.

¶9 ChartSwap argues that because it is not a health care provider, it is not subject to the billing limitations set forth by WIS. STAT. § 146.83(3f)(b). ChartSwap's argument, however, ignores a key maxim of statutory construction, which is that statutory provisions are not to be read in isolation, but must "be looked at so as not to render any portion of the statute superfluous ... [and so as] to avoid an unreasonable or absurd interpretation." *Belding v. DeMoulin*, 2013 WI App 26, ¶6, 346 Wis. 2d 160, 828 N.W.2d 890 (citation omitted).

¶10 With this maxim in mind, we are unwilling to read WIS. STAT. § 146.83 in a vacuum. Instead, we read this statute in conjunction with the remedial provision set forth in WIS. STAT. § 146.84(1)(b), which explicitly imposes liability upon "any person … who violates [§] 146.83," and WIS. STAT. § 990.001(9), which expressly states that when construing legislative requirements found in all statutes, the legislature's requirements apply with equal force to the acts of agents. While we agree that ChartSwap is not a health care provider, we cannot ignore statutory agency law, which states:

> In construing Wisconsin laws the following rules shall be observed unless construction in accordance with a rule would produce a result inconsistent with the manifest intent of the legislature:
>
> ….
>
> Acts by agents. If a statute requires an act to be done which may legally be done by an agent, such requirement includes all such acts when done by an authorized agent.

Sec. 990.001(9). This statute reflects the general principle of agency law that if a statute requires a certain action, the requirement equally applies to a principal's agents.

¶11    Relying on a decision of the United States District Court for the Eastern District of Wisconsin in *Smith*, ChartSwap contends that this principle is inapplicable to the case at bar.

¶12    *Smith* dealt with a similar factual situation to the one before us. In that case, the district court stated that while WIS. STAT. § 990.001(9)

> imputes the agent's actions to the principal for purposes of measuring the principal's liability under a Wisconsin law; it does not impute the principal's liability to the agent whenever the agent performs the act that results in the principal's liability. Thus, the rule does not support the [notion] that the health[]records statute should be interpreted to impose liability on persons who are not health care providers when they act as agents of health care providers.

*Smith*, 380 F. Supp. 3d at 844.

¶13    We note, first, that the district court's decision is not binding upon us. *See State v. Mechtel*, 176 Wis. 2d 87, 94-95, 499 N.W.2d 662 (1993). More importantly, however, the district court's decision not only undermines the underlying purpose of WIS. STAT. § 146.83(3f)(b), which is to protect patients from being charged excessive fees for access to information in the custody and control of health care providers, but it also misinterprets WIS. STAT. § 990.001(9) because the statute does not specifically deal with the imputation of liability. Rather, the statute codifies the general rule of agency law, which is that if a statute requires a certain action, that requirement applies equally to a principal's agents. *See Rosecky v. Tomaszewski*, 225 Wis. 438, 441-42, 274 N.W. 259 (1937)

("[W]hen a statute requires an act to be done which may by law as well be done by an agent as by the principal, such requisition shall be construed to include all such acts when done by an agent…. [T]he reason for [the predecessor statute to § 990.001(9)] … is that the act of an authorized agent is the act of the principal."). Accordingly, we conclude that agents of health care providers have no greater power to charge fees in excess of those permitted by § 146.83(3f)(b) than the providers themselves.

¶14    Here, Milwaukee Radiologists outsourced its responsibility to provide patient records to ChartSwap. To allow a third-party to circumvent the statutory limitation on health care providers simply because it does not provide actual health care services would defeat the purpose of WIS. STAT. § 146.83(3f)(b) in and of itself and would yield absurd results. The intent of the legislature was to ensure that patients have access to medical records in the custody and control of health care providers without being charged more than the reasonable costs of copying and mailing them. *See Moya v. Aurora Healthcare, Inc.*, 2017 WI 45, ¶34, 375 Wis. 2d 38, 894 N.W.2d 405 (Statutes addressing patient health care records embody the "legislature's expressed intent that a person with a written authorization from a patient does not have to pay the certification charge or retrieval fee for obtaining health care records."); *Cruz v. All Saints Healthcare Sys., Inc.*, 2001 WI App 67, ¶8, 242 Wis. 2d 432, 625 N.W.2d 344 (Section 146.83 expresses the legislature's intent that a person is entitled to obtain his or her medical records at a reasonable cost.). This intent would be completely defeated through a construction of the statute that would allow patients to be charged more than the reasonable copying and mailing costs if the providers hire others to perform the task of supplying the records. In short, the goal of patient

protection would be eviscerated if health care providers could simply contract with parties who were permitted to charge fees of their own liking.

¶15    Therefore, we conclude that ChartSwap was subject to the cost containment protections provided by WIS. STAT. § 146.83(3f)(b), and, as an agent of Milwaukee Radiologists under WIS. STAT. § 990.001(9), qualifies as "any person" under the remedial provisions of WIS. STAT. § 146.84(1)(b).  We reverse the order of the circuit court and remand the matter.

*By the Court.*—Order reversed and cause remanded.