James WARMKA, Plaintiff-Appellant,

v.

## HARTLAND CICERO MUTUAL INSURANCE COMPANY, Defendant-Respondent-Petitioner.

Supreme Court

*No. 84–1901. Argued January 6, 1987.—Decided February 19, 1987.*

(Also reported in 400 N.W.2d 923.)

For the defendant-respondent-petitioner there was a brief by *William A. Woodrow, Thomas A. Woodrow* and *Adams, Woodrow & Mathey, S.C.*, Neenah, and oral argument by *William A. Woodrow*.

For the plaintiff-appellant there was a brief by *Maureen L. Kinney* and *Johns & Flaherty, S.C.*, LaCrosse and oral argument by *Maureen L. Kinney*.

For the amicus curiae (Wisconsin Insurance Alliance) there was a brief by *James T. Murray, Jr.* and *Randy S. Parlee*, Milwaukee.

STEINMETZ, J.   The issue in this case is whether a bad faith action brought by an insured against his insurer is an action on the policy within the meaning of sec. 631.83(1)(a), Stats.,[1] and therefore controlled by the one-year statute of limitations; or is it a separate intentional tort subject to the two-year statute of limitations set forth in sec. 893.57.[2]

---

[1]Sec. 631.83(1)(a), Stats., provides as follows:

"**Limitation of actions.** (1) STATUTORY PERIODS OF LIMITATION. (a) *Fire insurance.* An action on a fire insurance policy must be commenced within 12 months after the inception of the loss. This rule also applies to riders or endorsements attached to a fire insurance policy covering loss or damage to property or to the use of or income from property from any cause, and to separate windstorm or hail insurance policies."

[2]Sec. 893.57, Stats., provides as follows:

"**Intentional torts.** An action to recover damages for libel, slander, assault, battery, invasion of privacy, false imprisonment

The plaintiff, James Warmka (Warmka), was insured by Hartland Cicero Mutual Insurance company on a fire insurance policy. On July 5, 1982, the plaintiff suffered loss to his property and made a claim against his policy which was subsequently denied by Hartland Cicero. On December 3, 1983, plaintiff commenced a lawsuit alleging two separate causes of action: one for recovery based upon the casualty loss, the other alleging bad faith in Hartland Cicero's (Hartland) investigation of the plaintiff's claim.

The Monroe county circuit court, the Honorable James W. Rice, dismissed both actions on the ground that they were both controlled by sec. 631.83(1)(a), Stats., which contains a one-year statute of limitations on the commencement of actions.

The plaintiff appealed that decision as to only the dismissal of the bad faith actions. The court of appeals reversed the trial court indicating that the bad faith action is separate from an action on the insurance contract and therefore controlled by the two-year statute of limitations contained in sec. 893.57, Stats.

In *Anderson v. Continental Ins. Co.*, 85 Wis. 2d 675, 686, 271 N.W.2d 368 (1978), we stated: "By virtue of the relationship between the parties created by the contract, a special duty arises, the breach of which duty is a tort and is unrelated to contract damages." Also at 686:

> "[B]ad faith conduct by one party to a contract toward another is a tort separate and apart from a breach of contract *per se* and it fails to emphasize

or other intentional tort to the person shall be commenced within 2 years after the cause of action accrues or be barred."

33

the fact that separate damages may be recovered for the tort and for the contract breach."

Finally, at 85 Wis. 2d at 687 we also stated:

"We emphasize at this juncture only that the tort of bad faith is not a tortious breach of contract. It is a separate intentional wrong, which results from a breach of duty imposed as a consequence of the relationship established by contract. This rationale had its origin in an opinion of this court. *Hilker v. Western Automobile Ins. Co.*, 204 Wis. 1, 231 N.W. 257, 235 N.W. 413 (1930, 1931)."

We emphasized in *Davis v. Allstate Ins. Co.*, 101 Wis. 2d 1, 303 N.W.2d 596 (1981) that the tort claim is based upon the duty that the insurer has toward its insured and we recognized this to be analogous to a fiduciary duty.

■■

A cause of action for bad faith does not arise in every case in which there has been an allegation of a breach of the contract. Additional facts must be alleged. *Anderson*, 85 Wis. 2d at 692. The plaintiff must show the absence of a reasonable basis for denying benefits under the terms of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim. The plaintiff cannot maintain a cause of action for the tort of bad faith if the validity of his claim under the policy was fairly debatable. *Id.*

Warmka's second cause of action was not based upon the policy which obligates Hartland to pay a covered loss, but rather was based upon the breach of a duty to properly investigate his claim prior to making its decision to deny it.

34

The insurance contract between the parties to this action contains a provision that requires an action to recover for any property claim under the contract to be commenced within one year of the date of the loss: "11. *Suit against us.* No suit to recover any property claim may be brought against *us* unless: ... b. the suit is commenced within 1 year after the loss. ..."

Section 631.83(1)(a), Stats., provides that the statutory period of limitation for a claim based on a fire insurance policy must be commenced within 12 months of the loss. These two limitations, based on the statute and policy, relate to actions to recover for property damages due to losses covered by the policy. These limitations govern actions that are "on the policy."

Neither the statute nor policy provision relates to an action sounding in tort for breach of a fiduciary duty. The breach of the fiduciary duty is an intentional tort and is a common law recognition of the duty an insurer owes to its insured. Section 893.57, Stats., establishes a two-year statute of limitations for an intentional tort and is the applicable statute. The cause of action did not accrue in this case on July 5, 1982, when the fire damage occurred but at a later date which we need not decide since this action for bad faith was commenced within two years of the date of the fire. The action was therefore timely commenced.

Defendant relies on *Martin v. Liberty Mutual Fire Ins. Co.*, 97 Wis. 2d 127, 293 N.W.2d 168 (1980) and *Skrupky v. Hartford Fire Ins. Co.*, 55 Wis. 2d 636, 201 N.W.2d 49 (1972). However, neither case concerned the issue of the limitation period for a bad faith claim. The cause of action considered in *Martin* was based on tortious interference with the insurance contract.

Only on review before this court did the plaintiff ask the court to consider the assertions as stating a claim for the tort of bad faith by the insurance company and its two agents. This court found the assertion had no merit and therefore did not consider the application of the two-year statute to a bad faith claim. *Martin,* 97 Wis. 2d at 131.

*Skrupky* involved a claim of breach of warranty or negligence in failing to prepare the policy of full coverage. The case did not involve application of the appropriate statute of limitations to a bad faith claim.

The claim alleged here arises not because of the fire loss to Warmka but because of the alleged wrongful action of the insurer. His claim for bad faith is for damages allegedly resulting from an intentional wrongdoing by the insurance company and that action was commenced within the two years permitted by sec. 893.57, Stats.

We hold that sec. 893.57, Stats., the two-year statute of limitations, governs the intentional tort of bad faith, and that plaintiff's cause of action was brought within that time since it was within two years of the fire loss which gave rise to the bad faith claim.

*By the Court.*—The decision of the court of appeals is affirmed.