IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST David J. SMITH,
Attorney at Law.

Supreme Court

*No. 86–2146–D. Filed September 8, 1988.*
(Also reported in 428 N.W.2d 547.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

In a per curiam decision issued March 10, 1987, the court summarily suspended the license of David J. Smith to practice law in Wisconsin pending final disposition of this disciplinary proceeding. That summary suspension, issued pursuant to SCR 11.03, was in response to Attorney Smith's conviction in circuit court for Oneida county of one count of theft of client funds by fraud and two counts of false swearing. The circuit court sentenced Attorney Smith to four years' imprisonment and three years' probation but stayed

execution of the sentence pending appeal upon his posting cash bond in the amount of $30,000.

Subsequent to that summary suspension, the referee in this disciplinary proceeding, Attorney James E. Doyle, Jr., filed his report setting forth findings of fact and conclusions of law and recommending that Attorney Smith's license to practice law in Wisconsin be revoked as discipline for having committed serious crimes involving dishonest behavior as an attorney and also recommending that the imposition of that discipline be deferred pending disposition of Attorney Smith's appeal of his criminal conviction. The referee further recommended that Attorney Smith be required to pay the costs of this proceeding. On July 6, 1988, the court of appeals affirmed Attorney Smith's conviction.

Attorney Smith, who was admitted to practice law in Wisconsin in 1965, now resides in Utah and has not previously been the subject of attorney disciplinary proceedings, has engaged in criminal conduct involving moral turpitude, in violation of SCR 21.05(1), and fraud, in violation of SCR 20.04(4). We determine that his professional misconduct warrants the most severe discipline—revocation of his license to practice law in Wisconsin.

IT IS ORDERED that the license of David J. Smith to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order David J. Smith pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that David J. Smith comply with the provisions of SCR 22.26 concerning

the duties of a person whose license to practice law in Wisconsin has been revoked.

BABLITCH, J., took no part.