53 F.3d 334
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Robin ZAHRAN and Karen Zahran, Plaintiffs-Appellants,
v.
FRANKENMUTH MUTUAL INSURANCE COMPANY, Defendant-Appellee.
 No. 93-2853.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 7, 1994.
Decided April 25, 1995.
Rehearing and Suggestion for Rehearing In Banc Denied
June 23, 1995.
 
 Before REAVLEY,* FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 At the close of pro se plaintiffs' (Robin and Karen Zahran) case-in-chief, the district court entered a judgment as a matter of law against them on their bad faith claim. The district court subsequently declared a mistrial after the jury deadlocked on the remaining breach of contract claim, and ordered a new trial. At the second trial, the jury returned a verdict in favor of Frankenmuth on the contract claim. Plaintiffs appeal a large number of the district court's rulings. There was no reversible error and we affirm the district court's judgment.
 
 Pretrial Motions
 
 2
 Plaintiffs first contend that the district court erred in denying them leave to amend their First Amended Complaint. We review the district court's denial of a motion to amend a complaint for abuse of discretion. Johnson v. Methodist Medical Center of Ill., 10 F.3d 1300, 1303 (7th Cir.1993). We will reverse the district court only where no reason justifies the court's ruling. Id. On April 8, 1992, the district court set a deadline of May 1, 1992 for the plaintiffs to file any amended pleadings. The deadline came and went, with nothing forthcoming from plaintiffs.
 
 
 3
 On May 21, 1992, Frankenmuth attempted to file what it described as an Answer to Plaintiffs' Second Amended Complaint; the problem was that a Second Amended Complaint had not actually been filed with the District Court. Thus the court did not allow Frankenmuth to file its answer.
 
 
 4
 On May 27, 1992, Cleary Building Corporation, another defendant at the time, similarly attempted to file an answer to Plaintiffs' "amended complaint." Again the court struck the answer from the record.[1]
 
 
 5
 In a motion for reconsideration filed on May 29, 1992, Plaintiffs alleged that on April 30, 1992, they mailed copies of their amended complaint to the court and to opposing counsel. As it appears, however, the caption on the complaint was labeled (as was their motion for reconsideration) "IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION," rather than Eastern District of Wisconsin. The clerk of the court for the Eastern District of Wisconsin apparently believed the complaint to be misrouted and did not file it.
 
 
 6
 Plaintiffs failure to correctly caption their amended complaint, although unfortunate, was an error of their own making. The consequences that followed, while arising from a technical mistake, were not unwarranted. The district judge has broad discretion in this area to grant relief. We cannot say that declining to allow a late filing of a second amended complaint, even given the circumstances of its submission in this case, constitutes an abuse of the judge's discretion.
 
 
 7
 Plaintiffs also argue that the district court erred in denying their October 23, 1992 Motion to Compel Additional Discovery. We review a district court's pretrial discovery rulings for abuse of discretion. Rennie v. Dalton, 3 F.3d 1100, 1110 (7th Cir.1993). Plaintiffs' motion requested the court to compel Frankenmuth "to answer each and every interrogatory presented to them as requested, in full." Frankenmuth responded that "Defendant has fully answered Plaintiffs' Interrogatories, subject to the objections provided in Defendant's Answers to Plaintiffs' Interrogatories."
 
 
 8
 In denying Plaintiffs' request for a motion to compel on this point, the court stated that Plaintiffs failed to set forth any instances in which Frankenmuth had not answered fully. Moreover, after examination of the pleadings, the court determined that Plaintiffs' motion was meritless. We agree. While it is true that Frankenmuth made numerous objections to Plaintiffs' interrogatories, Plaintiffs have not demonstrated why the objections are not valid, and we find the district court did not abuse its discretion in denying Plaintiffs' motion to compel further answers to the interrogatories.
 
 
 9
 Plaintiffs' motion also sought the court to compel further deposition discovery of Lewis Rusch, Merle Brander, and Bob Phillips. Plaintiffs claim that Frankenmuth's attorney during the depositions instructed the witnesses not to answer certain questions. Frankenmuth contends they did no such thing, and the district court denied Plaintiffs' motion. Plaintiffs have not directed us to even one specific instance of Frankenmuth's wrongdoing during the depositions. We decline to scour for Plaintiffs the deposition transcripts to search for alleged misconduct. Powell v. AT & T Communications, Inc., 938 F.2d 823, 825 n. * (7th Cir.1991). The district court did not abuse its discretion in denying Plaintiffs' motion to compel further depositions.
 
 
 10
 Plaintiffs' final objection to Judge Curran's pretrail motions was his denial of their September 11, 1992 motion for Rule 11 sanctions. We review a district court's Rule 11 determination for abuse of discretion. Katz v. Household Int'l, Inc., 36 F.3d 670, 672 (7th Cir.1994). Plaintiffs' motion was frivolous. First Plaintiffs claimed that Frankenmuth, through its affirmative defenses, had made "false preseentations, pleadings and concealment" to the district court. As the district court observed, these were the issues to be determined at trial. Additionally, Plaintiffs alleged that Frankenmuth improperly delayed the depositions of witnesses. The record indicates that delay occurred only because Plaintiffs attempted to depose witnesses that had no relevance to the matters to be tried and because of scheduling conflicts. The district court did not abuse its discretion in denying Plaintiffs' Rule 11 motion.
 
 
 11
 Frankenmuth's Motion for Judgement as a Matter of Law
 
 
 12
 At the close of the Plaintiffs' case in the first trial, the district court granted Frankenmuth's motion for a judgment as a matter of law on Count II of Plaintiffs' complaint, that Frankenmuth acted in bad faith in delaying payment of Plaintiffs' claim. We review judgments as a matter of law de novo, in diversity cases using the state standard for such decisions. Trytko v. Hubbell, Inc., 28 F.3d 715, 728 (7th Cir.1994). In Wisconsin, a motion for a judgment as a matter of law should be granted when "the court is satisfied that, considering all credible evidence and reasonable inferences therefrom in the light most favorable to the party against whom the motion is made, there is no credible evidence to sustain a finding in favor of such party." WIS.STAT. Sec. 805.14; see also Wisconsin Natural Gas Co. v. Ford, Bacon & Davis Constr. Corp., 291 N.W.2d 825, 836 (1980).
 
 
 13
 In order to make out a claim of bad faith in denying insurance coverage under Wisconsin law, "a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." Anderson v. Continental Ins. Co., 271 N.W.2d 368, 376, 85 Wis.2d 675 (1978); see also Warmka v. Harland Cicero Mutual Ins. Co., 400 N.W.2d 923, 136 Wis.2d 31 (1987). Before ruling on Frankenmuth's motion, the district court gave Plaintiffs ample opportunity to respond, but they were unable to direct the court to any evidence of bad faith in the record. On appeal, Plaintiffs likewise fail to cite even one example of such evidence. The district court correctly granted Frankenmuth's motion for a judgment as a matter of law.
 
 Post-Trial Motions
 
 14
 After the second trial, Plaintiffs asked for a Judgement Notwithstanding the Verdict or alternatively for a new trial. The district court denied both motions. It appears that Plaintiffs attempt to appeal these rulings--in addition to claiming that the district judge was not impartial. These arguments are not sufficiently developed for this court to review and are therefore forfeited. See United States v. Eddy, 8 F.3d 577, 583 (7th Cir.1993). The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas M. Reavley, Senior Circuit Judge of the Fifth Circuit, sitting by designation
 
 
 [1]
 In the same order, the court granted Cleary's motion to dismiss for insufficient service of process