David J. SMITH, Plaintiff-Appellant,

v.

HERRLING, MYSE, SWAIN & DYER, LTD., Defendant-Respondent.

Court of Appeals

*No. 96–2262. Submitted on briefs April 28, 1997.—Decided May 21, 1997.*

(Also reported in 565 N.W.2d 809.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *David J. Smith*, pro se.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Robert R. Studt* and *J. Timothy Lovett* of *Jenswold, Studt & Hanson* of Madison.

Before Snyder, P.J., Brown and Nettesheim, JJ.

BROWN, J.   In this legal malpractice case, David J. Smith alleges that he was injured when his defense counsel failed to timely file a jurisdictional challenge during the pretrial proceedings of his criminal trial. The circuit court held that Smith had notice of this injury when the criminal court issued a decision observing that his jurisdictional claim was subject to waiver. It therefore found that Smith had not filed his malpractice suit within the statute of limitations.

Smith argues on appeal that the statute of limitations did not begin to run until the appellate court later issued a decision confirming that his jurisdictional challenge was waived. We reject Smith's argument and hold that Smith discovered this injury, and the cause of this injury, when the criminal court first alerted him that the matter was subject to waiver. We affirm the circuit court's determination to award summary judgment on grounds that the statute of limitations expired.

The following facts are undisputed. The criminal trial giving rise to this malpractice suit occurred in April 1986. The State originally charged Smith with counts of criminal fraud and false swearing in August 1984. The complaint was filed in the circuit court for Oneida county. However, that county's district attorney did not prosecute the charges; members of the attorney general's staff were named as special prosecutors.

Smith was a State of Wisconsin and State of Utah licensed attorney at the time the charges were filed and he appeared pro se at the trial. Still, he briefly retained the law firm of Herrling, Myse, Swain & Dyer, Ltd. (the Firm) as defense counsel for some of the pretrial proceedings.

After the jury returned a guilty verdict, the criminal court entered a judgment of conviction on May 14, 1986, and sentenced Smith on July 21, 1986. This court later affirmed Smith's conviction. *See State v. Smith,* No. 87–1179-CR, unpublished slip op. (Wis. Ct. App. July 6, 1988), *review denied,* 146 Wis. 2d 875, 430 N.W.2d 918 (1988).

Smith's malpractice claim relates to the limited time during which the Firm represented him. Specifically, Smith charges that the Firm was negligent because it failed to timely file a challenge to the criminal court's jurisdiction. *See* § 971.31(5)(a), STATS. (setting ten-day postarraignment filing deadline for motions before trial). This claim would have questioned the power of the attorney general's office to prosecute the case.

Because the Firm never filed a motion directed at this issue, Smith presented the matter himself as part of a pretrial motion to dismiss. In an order dated April 4, 1986, the criminal court denied the motion. Although

the court's written decision noted that "[i]t appears, as the state argues, that *the motion is untimely* under sec. 971.30(5)(a) [sic]," the court nevertheless chose to analyze the claim on the merits. (Emphasis added.) During posttrial proceedings, the court upheld the conviction, but this time reasoned that any of Smith's possible jurisdictional challenges had indeed been waived. On appeal, this court affirmed, also reasoning that Smith had waived his jurisdictional claim because it was not timely filed. *See Smith*, slip op. at 6.

Smith initially brought his malpractice action against the Firm in August 1992. He filed the action in the United States District Court for the Western District of Wisconsin. The malpractice claim was part of a larger federal civil rights action which included claims against the attorney general and the other parties involved in the prosecution. *See Smith v. LaFollette*, No. 92-C–0654-C, slip op. at 1 (W.D. Wis. Mar. 18, 1993). The district court dismissed all of the claims. *See id.*, slip op. at 2. On appeal, the Seventh Circuit noted that the dismissal of Smith's legal malpractice claim was without prejudice, but otherwise affirmed the district court. *See Smith v. LaFollette*, 23 F.3d 410 (7th Cir. 1994).

Accordingly, in May 1994, Smith refiled his legal malpractice claim against the Firm in the circuit court for Winnebago county. The Firm later moved for summary judgment on grounds that the six-year statute of limitations had expired. *See* § 893.53, STATS.

The circuit court granted the Firm's motion for summary judgment. It found that Smith had "notice" that the Firm had failed to raise the jurisdictional claim in April 1986 when the criminal court issued a ruling signaling that this claim should have been raised earlier. The circuit court recognized that the

federal action tolled the running of the statute of limitations,[1] but since that federal action was not filed until August 1992, the circuit court found that Smith's malpractice action was started four months too late.

Smith now appeals from the award of summary judgment, generally challenging the circuit court's findings concerning when he discovered the facts necessary to mount this malpractice claim. As the facts surrounding Smith's actions are undisputed, the issue of when he discovered this claim is a question of law which we address independently of the circuit court's determination. *See Stroh Die Casting Co. v. Monsanto Co.*, 177 Wis. 2d 91, 104, 502 N.W.2d 132, 137 (Ct. App. 1993).

██

Under the discovery rule, to answer when Smith could have initiated this malpractice claim, we must determine two things: one, when he discovered (or should have discovered) his injury, and two, when he discovered (or should have discovered) the probable cause of his injury. *See generally Borello v. U.S. Oil Co.*, 130 Wis. 2d 397, 411, 388 N.W.2d 140, 146 (1986). The statute of limitations only began to run against Smith when he had information about both of these facts.

We now turn to the question of when Smith discovered that he was injured as a result of the Firm's negligence. This task requires that we identify what Smith's injury was. While the parties do not devote much attention to this issue in their briefs, it is a disputed issue.

Smith's complaint alleges that his injury occurred when the Utah Supreme Court suspended his license to

---

[1] *See* § 893.15, STATS.

practice law because of his criminal convictions.[2] He explains that he only learned that the Wisconsin conviction could jeopardize his Utah license when he received notice from the Utah Supreme Court. *See id.* The Firm responds that his injury occurred when the jury returned its guilty verdict. As support, the Firm directs us to the federal district court's decision which held that Smith's civil rights claims accrued when he was found guilty. *See Smith v. LaFollette,* slip op. at 14–15.

We disagree with both parties. The date of his injury was the last date on which this jurisdictional challenge could have been timely filed. Although Smith's complaint alleges that he was not injured until he lost his Utah license, this allegation is inconsistent with the basic theory of his case. Smith represented himself during the majority of the criminal proceedings, but complains that during the short time which the Firm provided representation, it jeopardized a critical part of his defense because it failed to timely file this motion. *Cf. Hennekens v. Hoerl,* 160 Wis. 2d 144, 154, 465 N.W.2d 812, 816 (1991) ("loss of a legal right constitutes actual damage before such an injury or loss produces monetary loss"). When Smith lost his legal right, he was injured.

Therefore, the only issue that we must resolve is when Smith discovered (or should have discovered) this injury. Here, Smith claims that he did not discover the Firm's negligence until this court issued its

---

[2] Smith's complaint states that this occurred on October 6, 1988. We note that our supreme court revoked Smith's Wisconsin license on September 8, 1988. *See In re Disciplinary Proceedings Against Smith,* 145 Wis. 2d 632, 428 N.W.2d 547 (1988).

decision which deemed his jurisdictional claim waived. *See Smith*, slip op. at 6.

We reject this contention. The record plainly reveals that Smith was informed about how the Firm missed the deadline when the criminal court issued its pretrial order warning that his jurisdictional challenge was not timely filed under § 971.31(5)(a), STATS. We believe that a reasonable person in Smith's position, even a person without legal training, would understand the significance of a missed deadline. Indeed, the fact that Smith was concerned about this missed deadline is confirmed by the brief he filed with this court in his criminal appeal; the table of contents provided, in part:

> BECAUSE THE ASSISTANT ATTORNEY GENERALS WERE WITHOUT VALID APPOINTMENT AS ONEIDA COUNTY PROSE CUTORS, DID TRIAL COURT HAVE JURISDI CTION OVER APPELLANT?
>
> Trial court answered, possibly not, but held matter to be one of personal jurisdiction *which Appellant had waived.*

Brief for Appellant at i, *State v. Smith*, No. 87–1179-CR, unpublished slip op. (Wis. Ct. App. July 6, 1988) (emphasis added). We therefore join the circuit court's conclusion that Smith had "notice" that his jurisdictional challenge was subject to waiver when the criminal court issued its pretrial order on April 4, 1986.

██

In summary, Smith was injured on the last day that his jurisdictional challenge could have been timely filed. Further, he was notified about this injury and the cause of his injury when the criminal court issued its order on April 4, 1986, warning that his jurisdictional

claim was not timely filed. On that date, he knew the nature of his injury (loss of the right to challenge the court's jurisdiction) and he knew the cause of that injury (the Firm failed to timely file the necessary motion). Because Smith did not initiate this suit within six years of that date, we affirm the circuit court's determination that the statute of limitations had expired.

*By the Court.*—Judgment affirmed.