David Zastrow, the Employee Stockholders of Perry Printing, Larry J. Gocker, Neal C. Kopplin, Catherine Thompson and Eunice Weihert, Plaintiffs-Appellants-Cross-Respondents,†

v.

Journal Communications, Inc., Journal Employees Stock Trust (JESTA), and Trustees of Journal Employees Stock, Defendants-Respondents-Cross-Appellants,

Perry Printing Division n/k/a Northstar Printgroup, Inc., Paul M. Bonaiuto, Keith M. Spore, Executive Risk Indemnity, Inc., Robert A. Kahlor, Steven J. Smith, Thomas M. Karavakis, Peter P. Jarzembinski and Douglas G. Kiel, Defendants-Respondents.

Court of Appeals

*No. 2004AP276. Submitted on briefs May 23, 2005.
—Decided July 8, 2005.*

2005 WI App 178

(Also reported in 703 N.W.2d 673.)

† Petition to review granted 10-14-05.

417

On behalf of the plaintiffs-appellants-cross-respondents, the cause was submitted on the brief of *Thomas L. Frenn, Petrie & Stocking S.C.*, Milwaukee, and *Kevin J. Demet* and *Donal M. Demet, Demet & Demet, SC*, Milwaukee.

On behalf of the defendants-respondents-cross-appellants, the cause was submitted on the brief of *Thomas J. Shriner, Jr.* and *David W. Simon, Foley & Lardner LLP*, Milwaukee.

Before Dykman, Vergeront and Higginbotham, JJ.

¶ 1. VERGERONT, J. This action involves a trust agreement under which employees of Journal Communications, Inc., and its subsidiaries can acquire units of beneficial interest in the stock of Journal Communications. After a trial to the court, the court found that the trustees had negligently failed to fulfill their fiduciary duty to disclose to a certain group of former employees the availability of a longer period for selling back their units if they chose to retire when the subsidiary that employed them was sold. The court entered judgment in favor of four of those employees in an amount totaling $130,479.52 plus their attorney fees. Journal Communications, Journal Employees Stock Trust, and the trustees appeal that judgment on a number of grounds. The dispositive issue is whether the circuit court correctly decided that the six-year statute of limitations in either WIS. STAT. §§ 893.52 or 893.53[1] applies to the breach of fiduciary duty claims.[2]

¶ 2. We conclude that under *Beloit Liquidating Trust v. Grade*, 2004 WI 39, 270 Wis. 2d 356, 677 N.W.2d 298, the two-year statute of limitations in WIS. STAT. § 893.57 applies to the breach of fiduciary duty claims. The employees do not argue that their breach of fiduciary duty claims are not barred if § 893.57 applies.

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[2] The other contentions the appellants make are: (1) the employees were not entitled to recover against the trustees because of a "limitation of liability" clause in the trust agreement; (2) they were not entitled to recover against Journal Communications because it had no fiduciary relationship with them; (3) they were not entitled to recover against the trust because it is not a suable entity; (4) the trustees did not breach a duty that they owed to the former employees; and (5) the award of attorney fees is contrary to settled law in Wisconsin.

Accordingly, we reverse the judgment of the circuit court and remand with directions to dismiss the complaint.

## BACKGROUND

¶ 3. The trust was created in 1937 and, at all times relevant to this appeal, it owned 90% of Journal Communications' stock, with the remainder owned by one of the grantors or his heirs. The trust agreement provided that employees of Journal Communications and its subsidiaries could under certain circumstances purchase units of Journal Communications' stock at an "option price," which was established by formula. The agreement also provided that unit-owning employees whose employment with a Journal Communications company terminated for any reason other than retirement were required to immediately offer for sale all units at the then-current option price. If the reason for termination was retirement, however, the employee was permitted under the agreement to offer his or her units for sale over a period of ten years.

¶ 4. In 1995, the assets of one of Journal Communications' subsidiaries, Perry Printing Company (Perry), were sold. The sale agreement required the buyer to continue to operate the business and to offer similar positions with comparable compensation and benefits to all existing Perry employees. The position of the trustees was that the Perry employees were not leaving the employ of a Journal Communications' company by reason of retirement and, therefore, under the terms of the trust agreement all Perry unit-owning employees would have to immediately offer their units for sale. However, the trustees decided to allow Perry employees and others leaving a Journal Communications' company because of corporate restructuring to

420

offer their units for sale for a period of up to five years, depending on how long they had owned units.

¶ 5. This action was filed in April 2000 as a class action on behalf of all former Perry employees who had been employed on the date of the sale and who had sold their units. As relevant to this appeal, the amended complaint alleged that the plaintiffs were entitled under the trust agreement to be treated as retirees with the right to sell their units over a ten-year period, but they were denied this right. They were damaged as a result, the amended complaint alleged, because the earlier sales deprived them of the benefit of later price increases. The amended complaint asserted claims of breach of fiduciary duty, breach of employment contract, and a violation of WIS. STAT. ch. 109 (wage claims) against Journal Communications, the trustees, and the trust (collectively, the defendants).

¶ 6. In a series of decisions on motions to dismiss, motions for summary judgment, and motions for reconsideration, the circuit court dismissed the breach of contract and wage claims and concluded the breach of fiduciary duty claim could proceed to trial with one subclass of plaintiffs and on only one theory. The subclass consisted of those eligible to retire at the time Perry was sold. Because of the court's conclusion that the procedure for Perry employees to exercise a decision to retire was unclear, the court decided that it would consider a member of the subclass to be retired within the meaning of the trust agreement if that person could show he or she intended to retire when Perry was sold. The single theory that remained, the court ruled, was that the trustees breached their fiduciary duties of loyalty and impartiality by requiring those employees to sell their units within five years instead of ten.

421

¶ 7. The defendants moved for dismissal of this remaining claim for breach of fiduciary duty on the ground that it was barred by the two-year statute of limitations in Wɪs. Sᴛᴀᴛ. § 893.57:

**Intentional torts.** An action to recover damages for libel, slander, assault, battery, invasion of privacy, false imprisonment or other intentional tort to the person shall be commenced within 2 years after the cause of action accrues or be barred.

The plaintiffs responded that the six-year statutes of limitations in Wɪs. Sᴛᴀᴛ. §§ 893.52 or 893.43 applied. These statutes provide:

**893.52 Action for damages for injury to property.** An action, not arising on contract, to recover damages for an injury to real or personal property shall be commenced within 6 years after the cause of action accrues or be barred, except in the case where a different period is expressly prescribed.

**893.43 Action on contract.** An action upon any contract, obligation or liability, express or implied, including an action to recover fees for professional services, except those mentioned in s. 893.40, shall be commenced within 6 years after the cause of action accrues or be barred.

¶ 8. In its written decision, the circuit court considered *Warmka v. Hartland Cicero Mutual Insurance Co.*, 136 Wis. 2d 31, 34–35, 400 N.W.2d 923 (1987), on which the defendants primarily relied. There the supreme court held that the two-year statute of limitations in Wɪs. Sᴛᴀᴛ. § 893.57 applied to an insured's claim against his insurer for bad faith because, the supreme court stated, the insurer's duty is analogous to a fiduciary duty and the breach of a fiduciary duty is an

intentional tort.[3] *Warmka*, 136 Wis. 2d at 35–36. The circuit court here reasoned that there was a distinction between claims of breach of fiduciary duty that are based on negligent conduct, such as a failure to act, and claims that are based on conduct that is in bad faith, is deceitful, or with knowledge of the lack of a reasonable basis for the conduct or a reckless disregard of a reasonable basis. For the former category, the circuit court concluded, the two-year statute of limitations for intentional torts did not apply and the six-year statute of limitations in either Wis. Stat. §§ 893.52 or 893.53[4] did apply. Because the breach of fiduciary duty claim that remained for trial involved a failure to reasonably interpret the agreement or a failure to treat the subclass impartially as compared to other retirement eligible employees, the court concluded that a six-year statute of limitations applied to the claim. Applying a six-year statute of limitations, the court concluded the claim was timely filed.

¶ 9. The breach of fiduciary duty claims of sixteen subclass members went to trial before the court. In its written decision, the court found that, in order to have the right to a ten-year sell-back under the trust agree-

---

[3] The issue in *Warmka v. Hartland Cicero Mutual Insurance Co.*, 136 Wis. 2d 31, 32, 400 N.W.2d 923 (1987), was whether the one-year statute of limitations for an action on the policy under Wis. Stat. § 631.83(1)(a) applied or whether the bad faith action was a separate intentional tort subject to Wis. Stat. § 893.57.

[4] Wisconsin Stat. § 893.53 provides:

> **Action for injury to character or other rights.** An action to recover damages for an injury to the character or rights of another, not arising on contract, shall be commenced within 6 years after the cause of action accrues, except where a different period is expressly prescribed, or be barred.

ment, the subclass members would have had to first retire from Perry and then apply for employment with the new company; they could not both retire and have immediate employment with the new company. However, the court concluded, they could have retired from Perry the day before the sale, obtained the ten-year sell-back right, and then applied for employment with the new company the next day. The court concluded that the trustees had a conflict of interest with respect to the subclass members' choice of either retirement or immediate employment with the new company: the trustees, as employees of Journal Communications, had the right to purchase some of the units sold back by the subclass after Perry was sold, and the trustees were executives of Journal Communications, which had contracted with the new company for immediate employment of all Perry employees. That conflict of interest, the court concluded, imposed on the trustees a duty to disclose the availability of the ten-year sell-back period as an advantage to choosing retirement over immediate employment with the new company. The court determined that the trustees negligently failed to fulfill this duty. The court reaffirmed its earlier ruling that the six-year statute of limitations in either Wis. Stat. §§ 893.52 or 893.53 applied to the claim because it was a negligent rather than intentional breach of their fiduciary duty. The court also determined that the trustees did not breach their duty of loyalty and impartiality to the subclass members.

¶ 10. The circuit court determined that only three of the sixteen subclass members did not know about the ten-year sell-back and would have retired from Perry before the sale and then applied for employment with the new company had they known. The

court awarded damages of $91,729, $33,367, and $4158 damages to each of the three, respectively, and, by stipulation, $1225.52 was awarded to a fourth subclass member.[5]

¶ 11. The court concluded that Journal Communications was liable for these damages, as well as either the trustees or the trust.[6] The court also awarded attorney fees, concluding it had the authority to do so under its equitable powers and under WIS. STAT. § 879.37, which addresses attorney fees in probate cases and which, the court decided, applied in matters involving a trust by virtue of WIS. STAT. § 701.14(1).[7]

---

[5] As to this fourth individual, after the trial the parties stipulated to the amount of damages, with the defendants reserving the right to challenge the theory of liability.

[6] More specifically, the court determined that the trust was liable if a clause in the trust agreement entitled "Limitation on Liability of Trustees for Losses" absolved the trustees from liability.

[7] WISCONSIN STAT. § 879.37 provides:

> **Attorney fees in contests.** Reasonable attorney fees may be awarded out of the estate to the prevailing party in all appealable contested matters, to an unsuccessful proponent of a will if the unsuccessful proponent is named in the will to act as personal representative and propounded the document in good faith, and to the unsuccessful contestant of a will if the unsuccessful contestant is named to act as personal representative in another document propounded by the unsuccessful contestant in good faith as the last will of the decedent.

WISCONSIN STAT. § 701.14(1) provides:

> **Circuit court procedure in trust proceedings. (1)** GENERALLY. A proceeding in the circuit court involving a living or testamentary trust may be commenced by a trustee or other person interested in the trust and, except as otherwise provided in this chapter, all probate procedure governing circuit courts, so far as it may be applicable, shall apply to such proceeding.

## ANALYSIS

¶ 12. On appeal the defendants assert that the court erred in applying a six-year statute of limitations to the breach of fiduciary duty claims rather than the two-year statute of limitations in WIS. STAT. § 893.57.[8] The Perry employees respond, as they did in the circuit court, that the six-year statute of limitations in either WIS. STAT. §§ 893.52 or 893.43 is the correct one.[9] The issue of the correct statute of limitations presents a question of law, which we review de novo. *Estate of Hegarty v. Beauchaine*, 2001 WI App 300, ¶ 14, 249 Wis. 2d 142, 638 N.W.2d 355.

¶ 13. Since the circuit court issued its decision in this case, the supreme court decided *Beloit Liquidating*, 270 Wis. 2d 356, in which it applied WIS. STAT. § 893.57 to a claim for breach of fiduciary duty. In *Beloit Liquidating*, the plaintiff alleged that the officers and directors of Beloit Corporation breached their fiduciary duties to the corporation and its creditors because, during the time the corporation was insolvent or near insolvency, the officers and directors "negligently al-

---

[8] All class members who were not awarded damages by the circuit court appealed the judgment. The defendants filed a cross-appeal. By order dated July 21, 2004, this court dismissed the appeal on jurisdictional grounds. After the supreme court denied the petition for review of that order, the cross-appellants, the defendants, proceeded with their cross-appeal. The respondents are the four former employees of Perry who were awarded damages by the circuit court. We will refer to them as "the Perry employees."

[9] Although the court concluded that either WIS. STAT. §§ 893.52 or 893.53 applied, the Perry employees do not mention § 893.53.

lowed the corporation to enter into money-losing contracts, failed to keep adequate accounting systems to deal with the losses, continued operations after prudent managers would have shut the corporation down, and failed to disclose the corporation's losses." *Beloit Liquidating*, 270 Wis. 2d 356, ¶ 10. The court first decided that Wisconsin law applied and that under Wisconsin law the officers and directors did not have a fiduciary duty to creditors unless the corporation was both insolvent and no longer a going concern. *Id.*, ¶¶ 32–34. The court then stated:

> Here, we hold that Beloit Corporation was a going concern during the relevant time period. We conclude that the two-year statute of limitations set forth in Wis. Stat. § 893.57 is applicable, because a breach of fiduciary duty claim involves an intentional tort. Thus, the applicable window of time is from June 7, 1997 through June 7, 1999, the date that Beloit Corporation filed for bankruptcy protection. In the complaint, the only significant occurrence alleged during this time frame was the disclosure of Beloit Corporation's losses from the Asia Pulp contracts in March 1998. However, Beloit Corporation was still a going concern at this time; thus, any claim asserted by Beloit Corporation's creditors for breach of fiduciary duty during this time frame is not actionable, and any claim on behalf of Beloit Corporation resulted in no injury to the corporation.

*Id.*, ¶ 40.

¶ 14. The defendants argue that, if there were any doubt prior to *Beloit Liquidating* that breach of a fiduciary duty is an intentional tort subject to the two-year statute of limitations in Wis. Stat. § 893.57, *Beloit Liquidating* has resolved the issue and is controlling. They also point out that in *Beloit Liquidating* the supreme court described the breach of fiduciary duty claim as an intentional tort even though the conduct

alleged in that case was negligently allowing certain contracts and failing to keep adequate accounts, act prudently and disclose losses, rather than the type of bad faith conduct or intentionally wrongful conduct the circuit court here considered essential to the application of § 893.57.

¶ 15. The Perry employees do not discuss the supreme court's decision in *Beloit Liquidating*, but instead cite to this court's decision, *Beloit Liquidating Trust v. Grade*, 2003 WI App 176, ¶ 9, 266 Wis. 2d 388, 669 N.W.2d 232. Specifically, the Perry employees point to our statement that there was a dispute over the proper statute of limitations but we did not need to resolve it because some of the conduct occurred within the two years; on that basis we reversed the circuit court's dismissal, which had been based on the conclusion that none of the alleged conduct occurred within the two-year period. *Id.* However, the supreme court *did* decide that the two-year statute of limitations applied and that the circuit court therefore correctly dismissed the action. *Beloit Liquidating*, 270 Wis. 2d 356, ¶ 40. That is the ruling on the issue that is precedent.

¶ 16. The Perry employees attempt to distinguish the facts in *Beloit Liquidating*—still not citing to the supreme court's decision—in two ways. First, they contend that no unintentional acts were alleged there. However, as we have already noted, the conduct alleged there was negligently allowing certain contracts and failing to keep adequate accounts, act prudently, and disclose losses. We do not see how that conduct is any more "intentional" than the conduct that forms the basis for the claim that was adjudicated here—failure to disclose the advantages of retiring rather than immediate employment with the new company.

428

¶ 17. Second, the Perry employees point out that *Beloit Liquidating* did not involve a trust agreement. They cite a number of cases that, they contend, stand for the proposition that a six-year statute of limitations applies when the claim is against a fiduciary who is acting as a trustee of an express trust agreement. However, none of the cases they cite hold that a six-year statute of limitations applies to a claim of breach of fiduciary duty against such a trustee. Most of the cases they cite apply the six-year statute of limitations in Wis. Stat. § 893.43 or its predecessor to a claim for breach of contract.[10] However, the circuit court here dismissed the breach of contract claim and we are concerned only with the proper statute of limitations for the breach of fiduciary duty claim that was adjudicated.

¶ 18. Two additional cases involving trusts on which the Perry employees rely require discussion: *Hammes v. First National Bank & Trust Co. of Racine*, 79 Wis. 2d 355, 255 N.W.2d 555 (1977), and *Hatleberg v. Norwest Bank Wisconsin*, 2004 WI App 48, 271 Wis. 2d 225, 678 N.W.2d 302, *aff'd on other grounds, Hatleberg*

---

[10] *Green v. Granville Lumber & Fuel Co.*, 60 Wis. 2d 584, 590, 211 N.W.2d 467 (1973); *Estate of Schroeder v. Gateway Transp. Co.*, 53 Wis. 2d 59, 63, 67, 191 N.W.2d 860 (1971); *Younger v. Rosenow Paper & Supply Co.*, 51 Wis. 2d 619, 627, 188 N.W.2d 507 (1971); *Noonan v. Northwestern Mut. Life Ins. Co.*, 2004 WI App 154, ¶¶ 31–32, 276 Wis. 2d 33, 687 N.W.2d 254; *Policemen's Annuity & Benefit Fund v. City of Milwaukee*, 2001 WI App 144, ¶¶ 13–16, 246 Wis. 2d 196, 630 N.W.2d 236; *Atkinson v. Everbrite, Inc.*, 224 Wis. 2d 724, 733, 592 N.W.2d 299 (Ct. App. 1999); *Welter v. City of Milwaukee*, 214 Wis. 2d 485, 496–97, 571 N.W.2d 459 (Ct. App. 1997); *Jensen v. Janesville Sand & Gravel Co.*, 141 Wis. 2d 521, 528–29, 415 N.W.2d 559 (Ct. App. 1987). *In re Revocable Trust of McCoy*, 142 Wis. 2d 750, 419 N.W.2d 301 (Ct. App. 1987), does not mention any statute of limitations.

*v. Norwest Bank Wisconsin*, 2005 WI 109, 283 Wis.2d 234, 700 N.W.2d 15. In *Hammes*, the beneficiaries of a testamentary trust alleged claims of negligence and breach of fiduciary duty against the trustees for advising them to sell their ownership in certain stock, held in the trust, at a price that personally benefited one of the trustees. *Hammes*, 79 Wis. 2d at 357–58, 361. The issue before the supreme court was whether the action was barred under the doctrine of res judicata (claim preclusion) by prior probate court orders discharging the trustee and approving the sale of the stock. *Id.* at 359. The supreme court concluded the action was not barred and remanded for trial. *Id.* at 370–71. The Perry employees argue that, because the *Hammes* plaintiffs sold their stock four years before they filed the action, a two-year statute of limitations cannot apply to a breach of fiduciary duty claim involving an employee stock purchase agreement. However, the issue of the correct statute of limitations was neither raised nor addressed in *Hammes*. We also observe that there was both a negligence claim and a breach of fiduciary duty claim alleged in *Hammes*. The Perry employees apparently assume that the same statute of limitations necessarily applies to both when the two claims are based on the same conduct, but they do not explain why that is so. In any event, the important point is that the *Hammes* court simply did not address the correct statute of limitations for the breach of fiduciary duty claim, and the case therefore does not support a six-year statute of limitations in this case.

¶ 19. *Hatleberg* concerned an irrevocable trust drafted by an attorney without including certain provisions necessary to avoid negative tax consequences. *Hatleberg*, 283 Wis.2d 234, ¶¶ 6–7, 700 N.W.2d 15. The

bank managing the trust became aware of the defect in the trust but did not reveal it to the grantor. *Id.*, ¶¶ 9–10. The grantor's estate sued the bank alleging negligence.[11] *Id.*, ¶ 12.

¶ 20. This court affirmed the circuit court's finding of liability, concluding that the bank had breached the duty owed by one who, having no duty to act, gratuitously undertakes to do so and does so negligently. *Hatleberg*, 271 Wis. 2d 225, ¶ 10. We then began our discussion of damages by stating: "The statute of limitations on actions based on injury to property is six years. WIS. STAT. § 893.52." *Id.*, ¶ 20. The parties debated when the statute of limitations began to run, and we concluded it began to run from notice to the grantor of the adverse tax consequences. *Id.* The Perry employees rely on our application of the six-year statute of limitations in § 893.52. However, the claim was a negligence claim. *Hatleberg*, 283 Wis.2d 234, ¶ 12, 700 N.W.2d 15. We recognize that we began our decision by stating that the bank "appeals a judgment for damages for breaching its fiduciary duty," *Hatleberg*, 271 Wis. 2d 225, ¶ 1; but the basis for liability in our decision was not a duty arising from a fiduciary relationship, but a duty that applies to anyone who undertakes to act gratuitously in certain circumstances. *Id.*, ¶ 10 (citing *Nischke v. Farmers & Merchants Bank & Trust*, 187 Wis. 2d 96, 113, 522 N.W.2d 542 (Ct. App. 1994), citing RESTATEMENT (SECOND) OF TORTS § 323 (1965)). In addition, our discussion of whether public policy precluded liability—an analysis that courts apply to claims of negligence—makes clear that we were addressing a

[11] The estate also sued the attorney and that claim settled. *Hatleberg v. Norwest Bank Wisconsin*, 2005 WI 109, ¶ 12, 283 Wis.2d 234, 700 N.W. 15.

claim of negligence. *Hatleberg*, 271 Wis. 2d 225, ¶ 21. Thus, our decision is not support for a six-year statute of limitations for a breach of fiduciary duty claim.

¶ 21. The supreme court in *Hatleberg* disagreed with our decision that RESTATEMENT (SECOND) OF TORTS § 323 applied because that rule imposes liability only for "physical harm to person or property." *Hatleberg*, 283 Wis.2d 234, ¶¶ 26–28, 700 N.W.2d 15. However, the supreme court decided there was liability under another theory. The court concluded that, because the bank held itself out as an expert in managing the grantor's finances, it had a duty to avoid providing false information to its client, and it breached that duty by continuing to advise her to contribute money to the trust to save estate taxes after it realized the trust was defective. *Id.*, ¶ 42. The court relied on the elements of the claim for negligent misrepresentation as well as the RESTATEMENT (SECOND) OF TORTS § 552, which imposes liability under certain conditions on one who, in the course of his or her profession, supplies false information, if he or she fails to exercise reasonable care. *Hatleberg*, 283 Wis.2d 234, ¶¶ 38–40, 700 N.W.2d 15.

¶ 22. The supreme court in *Hatleberg* did not discuss the statute of limitations, and its analysis is framed in negligence terms, analyzing several theories of duty under that heading. *Id.*, ¶¶ 17–18. However, in its discussion of theories of duty, the supreme court blends fiduciary duties with duties the breach of which constitute negligence in a way that arguably lends support to the circuit court's analysis in this case and to the position of the Perry employees. After laying out the fundamental principle of Wisconsin law on negligence —that every person has a duty to use ordinary care in all of his or her activities, and a person is negligent when that person fails to exercise ordinary care—the

supreme court in *Hatleberg* proceeded to analyze the scope of the bank's duties to the grantor under three headings: (1) duties arising in the bank's undisputed capacity as trustee; (2) duties arising in the bank's disputed capacity as financial planner or advisor; and (3) duty to avoid negligently providing inaccurate information. *Id.* Although the court ultimately concluded that, on the facts of the case, the bank did not have the duties asserted by the estate in the first two categories, the court's discussion may imply that a claim for breach of a fiduciary duty, at least in some circumstances, is indistinguishable from a claim of negligence. If so, that may support an argument that in such cases the statute of limitations should be the same.

¶ 23. However, we are persuaded that the better reading is that the supreme court in *Hatleberg* was addressing the negligence theories presented by the plaintiff and did not intend to opine on the relationship between a breach of fiduciary duty claim and a negligence claim, a relationship that was not an issue in the case before it—for statute of limitations purposes or for any other purpose. We arrive at this conclusion because of the well-established distinctions between a breach of fiduciary duty claim and a negligence claim. Although both involve duties and breaches of those duties,[12] the source and scope of the duties are different.

---

[12] The elements of a claim for breach of fiduciary duty are: (1) the defendant had a fiduciary duty; (2) the defendant breached that duty; and (3) the breach of duty caused injury to the plaintiff. *See Reget v. Paige*, 2001 WI App 73, ¶ 12, 242 Wis. 2d 278, 626 N.W.2d 302. The elements of a claim of negligence are: (1) the existence of a duty of care on the part of the defendant; (2) a breach of that duty of care; (3) a causal connection between the defendant's breach of the duty of care and the plaintiff's injury; and (4) actual loss or damage resulting

¶ 24. The duties of a fiduciary arise out of a particular type of relationship in which either a person makes a formal commitment to act for the benefit of another or there are special circumstances from which the law will assume an obligation to act for another's benefit. *Hatleberg*, 283 Wis.2d 234, ¶ 32, 700 N.W.2d 15 (citing *Merrill Lynch v. Boeck*, 127 Wis. 2d 127, 136, 377 N.W.2d 605 (1985)). The specific duties of a fiduciary vary depending on the specific type of relationship but, in general, fiduciaries have duties of honesty, fidelity, and good faith, as well as the duty to act for the benefit of the others on all matters within the scope of the relationship. *See, e.g., Hatleberg*, 283 Wis.2d 234, ¶¶ 19–20, 700 N.W.2d 15 (trustee); *Prosser v. Leuck*, 225 Wis. 2d 126, 138–39, 592 N.W.2d 178 (1999) (insurer as fiduciary to insured); and *Modern Materials, Inc. v. Advanced Tooling Specialists, Inc.*, 206 Wis. 2d 435, 442–43, 557 N.W.2d 835 (Ct. App. 1996) (corporate officer as fiduciary to corporation). A breach of a fiduciary duty is, fundamentally, a breach of the trust that is placed in the fiduciary because of his or her position in relation to the other.

¶ 25. In contrast, the duty that underpins negligence claims may be generally described as the duty to act reasonably under the circumstances. In the "ordinary negligence" case, the duty of ordinary care is the care that a reasonable person would use in similar circumstances. *Gritzner v. Michael R.*, 2000 WI 68, ¶ 22, 235 Wis. 2d 781, 611 N.W.2d 906 (citing Wis JI—Civil 1005). In the professional negligence case, the

from the injury. *Gritzner v. Michael R.*, 2000 WI 68, ¶ 19, 235 Wis. 2d 781, 611 N.W.2d 906 (citations omitted).

duty is defined with reference to the standards of the profession, but, generally speaking, is still based on what a reasonable professional would do in the same or similar circumstances. *See Kerkman v. Hintz*, 142 Wis. 2d 404, 418–20, 418 N.W.2d 795 (1988).[13]

¶ 26. We assume the supreme court would not alter the well-established distinction between a breach of fiduciary duty claim and a negligence claim without explicitly discussing the point. It has not done so in *Hatleberg*.[14]

¶ 27. The Perry employees make an additional argument against the application of Wis. Stat. § 893.57 to their breach of fiduciary duty claims. They point out that this statute by its terms applies to an intentional tort "to the person," while their injuries are economic, that is, injury to their personal property. They find support for this position in *Acharya v. Carroll*, 152 Wis. 2d 330, 337, 448 N.W.2d 275 (Ct. App. 1989), in which

[13] Part of the circuit court's reasoning here was that attorneys have a fiduciary relationship with their clients and the six-year statute of limitations in Wis. Stat. § 893.53 is applied in attorney malpractice cases. *See, e.g., Smith v. Herrling, Myse, Swain & Dyer, Ltd.*, 211 Wis. 2d 787, 790, 565 N.W.2d 809 (Ct. App. 1997), and *Acharya v. Carroll*, 152 Wis. 2d 330, 337, 448 N.W.2d 275 (Ct. App. 1989). However, because the claims in those cases were for malpractice, not for breach of the attorney's fiduciary duty, the cases do not support a six-year statute of limitations in this case.

[14] We have reviewed the record to make sure that the circuit court and all parties understood that they were trying claims for breach of fiduciary duty and not for negligence. We are satisfied that the claims determined in the Perry employees' favor were framed by the court, tried and argued by the parties, and decided by the court as claims for breach of fiduciary duty, not as claims for negligence, notwithstanding the court's use of the term "negligent breach of fiduciary duty."

we stated that Wis. Stat. § 893.54(1)[15] did not apply to an action for legal malpractice because the term "injuries to the person" in that statute connoted "bodily injuries, whether physical or emotional." This argument ignores the supreme court's decision in *Beloit Liquidating*. The court there applied § 893.57 where the injury from the alleged breach of fiduciary duty was economic.

¶ 28. We conclude that the supreme court's decision in *Beloit Liquidating* is controlling and requires the application of the two-year statute of limitations in Wis. Stat. § 893.57 to the Perry employees' breach of fiduciary duty claims that the court decided in their favor. From the standpoint of the intentionality of the conduct, we see no significant distinction between that alleged in *Beloit Liquidating* and the failure to disclose information that the circuit court found to be a breach of fiduciary duty here. In addition, the injury in *Beloit Liquidating* was not bodily injury but was economic injury, that is, injury to personal property, as is the injury in this case. Finally, the Perry employees have provided us with no authority, and we have found none, that supports applying a different statute of limitations to a breach of fiduciary duty claim because the fiduciary relationship arises out of a trust agreement or employee stock purchase agreement.

¶ 29. Although we conclude that the supreme court's decision in *Beloit Liquidating* is controlling, we recognize that the supreme court's discussion in *Hatleberg* of fiduciary duty in the context of a negligence

---

[15] Wisconsin Stat. § 893.54(1) provides:

**Injury to the person.** The following actions shall be commenced within 3 years or be barred:

(1) An action to recover damages for injuries to the person.

claim arguably raises questions about the distinctions between a breach of fiduciary duty claim and a negligence claim that may bear on the proper statute of limitations in this case. In addition, the Perry employees' argument based on the term "to the person" in Wis. Stat. § 893.57 raises an issue that, in our view, would benefit from further consideration. However, these issues must be addressed to the supreme court.

¶ 30. The Perry employees do not argue that, if the two-year statute of limitations in Wis. Stat. § 893.57 applies, their breach of fiduciary duty claims are timely. We take this as a concession that the claims are barred if § 893.57 applies. Accordingly, we reverse the judgment of the circuit court in their favor and remand with instructions to dismiss the complaint.

*By the Court.*—Judgment reversed and cause remanded with directions.