**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 18, 2019[*]
Decided October 21, 2019

*Before*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 19-1617

| | |
|---|---|
| KEVIN L. WILKE,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 14-cv-639-wmc |
| ADAM STUBLASKI,<br>    *Defendant-Appellee*. | William M. Conley,<br>*Judge*. |

**O R D E R**

Kevin Wilke sued his former probation officer for violating his right to due process by delaying a probation-revocation hearing while Wilke remained in jail. He also sought damages from three Wisconsin judges for failing to grant him a writ of habeas corpus. *See* WIS. STAT. § 782.09. Before any defendant was served, the district court screened and dismissed the claims against the judges as barred by absolute immunity. The court later entered summary judgment for the probation officer, also based on absolute immunity. Because the acts about which Wilke complains were

---

[*] We agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P 34(a)(2)(C).

inexorably tied to the probation officer's quasi-prosecutorial function in the revocation process, we affirm the judgment for the probation officer. Wisconsin law, however, permits a civil action for statutory damages against a judge who improperly refuses to grant a writ of habeas corpus, so we vacate the dismissals of Wilke's claims under § 782.09 and remand.

In December 2012, while on probation for burglary, Wilke was arrested on suspicion of driving under the influence of alcohol and taken to jail, where he was held based on the new charge and the assessment of his probation officer, Adam Stublaski, that his probation should be revoked. *See* WIS. ADMIN. CODE § DOC 331.05(7)(b). Stublaski submitted a "Revocation Hearing Request" to the Wisconsin Division of Hearings and Appeals 11 days later, in which he stated that he would be unavailable for about a week during the holidays.

The Division initially scheduled the hearing for the first week of February 2013 but postponed it twice. First, Stublaski requested a new date because his only witness, the officer who had arrested Wilke, could not attend. Finding this to be good cause for delay, the administrative law judge rescheduled the hearing for March 25. *See id.* § HA 2.05(4)(b). Then, after Wilke posted bond on the new charge, a judge ordered that he be transferred from the Marquette County Jail to the Wood County Jail, within Stublaski's jurisdiction, to better accommodate the revocation proceedings. Because of the transfer, the ALJ pushed the hearing back another day.

While he waited for a hearing, Wilke petitioned three times for a writ of habeas corpus ordering his release. Three different judges considered his petitions. The judge who considered his first petition scheduled a hearing but then "dropped" it because of the transfer to the Wood County Jail. Wilke then petitioned for the writ again, but the assigned judge took no action at all. The judge who considered Wilke's third petition responded that his "argument [was] not currently appropriate for consideration under habeas corpus."

After the revocation hearing, the ALJ found that although Wilke had violated his probation by drinking alcohol and driving, revocation was unwarranted because his time in jail was punishment enough. Stublaski appealed the decision, but on April 16 the Division sustained it. Wilke was released the next day, 137 days after his arrest.

Invoking 42 U.S.C. § 1983, Wilke sued Stublaski for unreasonably delaying the hearing and thereby violating his due-process rights under the Fourteenth Amendment.

Wilke also sued the three judges for statutory damages under § 782.09 for failing to grant a writ of habeas corpus. The district court screened the claims against the judges before they were served, *see* 28 U.S.C. § 1915A, based on absolute judicial immunity, and allowed Wilke to amend his complaint and proceed against only Stublaski. The district court later entered summary judgment for Stublaski on the ground that he too was absolutely immune for his actions in pursuing revocation of Wilke's probation. Alternatively, the court ruled that a jury could not find that Stublaski had denied Wilke due process because the delays were reasonable. Wilke appeals.

Stublaski argues that the appeal should be dismissed because Wilke fails to explain how the district court erred. *See* FED. R. APP. P. 28(a)(8)(A). Wilke has said enough in his brief, however, to permit our review. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (courts must liberally construe pro se filings). He cites relevant caselaw to argue that because Stublaski was not a member of the decision-making probation board, he was not absolutely immune. On the merits Wilke contends that a jury could find that Stublaski unreasonably delayed the hearing by failing to ensure that it occurred within 50 days after he was detained as required under Wisconsin law. *See* WIS. ADMIN. CODE § HA 2.05(4)(a); *cf. United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) (reviewing the challenge despite the appellant providing "no legal support for his position").

That is not to say that these arguments have merit. The district court correctly concluded that Stublaski was entitled to absolute immunity. We apply a "functional approach" to decide whether the actions of a government official warrant absolute immunity, looking to "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). For example, absolute immunity shields a prosecutor's conduct as an advocate that is "intimately associated with the judicial phase of the criminal process," such as initiating a prosecution and presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). But a parole officer who investigates an alleged violation and then prepares a report for a revocation proceeding is not absolutely immune because these acts are more like those of a police officer securing an arrest warrant. *See Wilson v. Kelkhoff*, 86 F.3d 1438, 1445–46 (7th Cir. 1996).

Here, Stublaski did not gather evidence about Wilke's probation violation; instead, like a prosecutor, he "made a discretionary decision" based on the arresting officer's report to keep Wilke in custody and move to revoke his probation. *See Walrath v. United States*, 35 F.3d 277, 282 (7th Cir. 1994); *see also* WIS. ADMIN. CODE § DOC 331.03(2) (providing that a probation officer chooses the next step after an

investigation, including recommending revocation). In advocating for revocation, including requesting a hearing, Stublaksi's acts were "intimately associated with the quasi-judicial phase of the criminal process," and he is therefore absolutely immune from this suit for damages. *See Tobey v. Chibucos*, 890 F.3d 634, 649–50 (7th Cir. 2018); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (holding that the prosecutors were absolutely immune from a claim that they delayed the defendant's trial). Because absolute immunity applies to Stublaski's actions, we do not address whether he violated Wilke's due-process rights, and if so, whether qualified immunity would apply. *See Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 295 (7th Cir. 2018).

Wilke also maintains that the judges are not immune from his claim for damages under Wisconsin law for allegedly improperly refusing to grant a writ of habeas corpus. He relies on § 782.09, which provides: "Any judge who refuses to grant a writ of habeas corpus, when legally applied for, is liable to the prisoner in the sum of $1,000." We agree with Wilke that judicial immunity does not prevent him from bringing an action against the judges under this statute. Absolute immunity may be abrogated when a legislature clearly intends to do so. *See Pulliam v. Allen*, 466 U.S. 522, 529 (1984); *Candee v. Egan*, 267 N.W.2d 890, 898 (Wis. 1978). Section 782.09, a provision from 1849 that remains good, if rarely invoked, law, allows an "action for $1,000 in statutory damages" against a judge "for refusing to sign [a] writ of habeas corpus." *J.V. by Levine v. Barron*, 332 N.W.2d 796, 798, 802 (Wis. 1983). We offer no opinion about whether Wilke "legally applied" for a writ or is entitled to relief. But the district court should not have dismissed Wilke's claims against the three judges under § 782.09 on immunity grounds.

Because Wilke now lacks any federal claims, the district court on remand should consider whether it is appropriate to retain jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Howlett v. Hack*, 794 F.3d 721, 728–29 (7th Cir. 2015). This includes examining whether Wilke's claims would be time-barred in state court. If, for example, the three-year statute of limitations for an action based on "a liability created by statute" applies, *see* WIS. STAT. § 893.93(1m)(a), Wilke might still be able to litigate his claims there because in Wisconsin a federal suit can toll the running of the limitations period, *see id.* § 893.15; *Smith v. Herrling, Myse, Swain & Dyer, LTD.*, 565 N.W.2d 809, 811 (Wis. Ct. App. 1997). If the district court relinquishes supplemental jurisdiction, it should revise the judgment to show that these claims are dismissed without prejudice.

The judgment is VACATED in part with respect to the dismissal of Wilke's claims under § 782.09, and the case is REMANDED. The judgment is AFFIRMED in all other respects.